■ In the Matter of the Estate of JEROME M. SIMON, Deceased. (Proceeding No. 1.) In the Matter of ELEANOR SIMON,

Deceased. (Proceeding No. 2.) RETAIL SHOE HEALTH COMMISSIONER et al., Appellants; NATIONAL SURETY CORPORATION, Respondent; PUBLIC ADMINISTRATOR OF KINGS COUNTY, Intervenor-Respondent. [634 NYS2d 507] —In two separate proceedings pursuant to SCPA 809 (1) (b) to recover on a surety bond that was issued on behalf of the late Eleanor Simon as administratrix of the estate of Jerome M. Simon, the petitioners appeal from (1) an order of the Surrogate's Court, Kings County (Bloom, S.), dated February 2, 1994, which denied their motion for summary judgment and granted the cross motion of the respondent, National Surety Corporation, for summary judgment dismissing the petition in Proceeding No. 1, and (2) an order of the same court, also dated February 2, 1994, which denied their motion for summary judgment and granted the cross motion of the respondent, National Surety Corporation, for summary judgment dismissing the petition in Proceeding No. 2.

Ordered that the orders are affirmed, with one bill of costs payable by the appellants.

The appellants failed to demonstrate that Eleanor Simon, the widow and administratrix of the estate of the decedent Jerome M. Simon, did not faithfully discharge her trust or obey all lawful decrees and orders regarding the administration of the estate of Jerome M. Simon as provided in the standard surety bond issued on her behalf by the respondent, National Surety Corporation (hereinafter National Surety) (see generally, SCPA 801). Therefore, the Surrogate's Court properly granted National Surety's cross motions for summary judgment dismissing the petitions for failure to state causes of action (see, SCPA 809 [1] [b]; United States v Westchester Fire Ins. Co., 478 F2d 133; 1B Warren's Heaton, Surrogate's Court § 11.17 [1], at 11-46).

Contrary to the appellants' contention, the plain language of the surety bond reveals that it was issued to ensure the faithful performance of Eleanor Simon only.

In light of our determination, we need not reach the appellants' remaining contention. Sullivan, J. P., Thompson, Hart and Goldstein, JJ., concur.